# Court of Appeals
# of the State of Georgia

ATLANTA,  May 16, 2017

*The Court of Appeals hereby passes the following order:*

### A17A0417. GOSPEL TABERNACLE DELIVERANCE CENTER, INC. et al. v. DAVIS O'LEARY VI, LTD.

Plaintiff Davis O'Leary VI, Ltd. ("Plaintiff") filed suit against Gospel Tabernacle Deliverance Center, Inc. ("Gospel Tabernacle"), Wiley Jackson, Jr. and Rodney Jackson (collectively, "Defendants"),[1] alleging claims against Gospel Tabernacle for negligence, indemnification and contribution, recklessness, gross negligence, punitive damages, and expenses of litigation, and alleging that "the corporate veil of Gospel Tabernacle is pierced so as to render [Wiley Jackson, Jr. and Rodney Jackson] liable for Plaintiff's claims alleged against Gospel Tabernacle." Defendants all moved for summary judgment. The trial court granted summary judgment to Defendants as to Plaintiff's indemnification claim; it denied summary judgment to Defendants on the negligence and contribution claims.[2] In Case No. A17A0416, Plaintiff appealed the grant of summary judgment to Defendants as to the indemnification claims. In the instant case, Defendants cross-appealed the denial of summary judgment as to the remaining claims against them.

---

[1] Jackson Construction, Inc. was named as a defendant in the suit but was dismissed.

[2] Wiley Jackson, Jr. and Rodney Jackson contend in this appeal that they are entitled to summary judgment on Plaintiff's veil-piercing claim, arguing that they are not personally liable for the claims against Gospel Tabernacle. The trial court's order contains no ruling on this issue, but Jackson and Jackson contend that the trial court erred in failing to grant their motion. However, this issue is moot.

Plaintiff withdrew its appeal in Case No. A17A0416, and moves this Court to dismiss the cross-appeal in the instant case.

Although under OCGA § 5-6-48(e), a cross-appeal may survive the dismissal of the main appeal, this is true only where the cross-appeal can stand on its own merit. . . . When an appeal from the denial of a summary judgment motion is filed as a cross-appeal, appellate jurisdiction over the cross-appeal necessarily arises from the court's jurisdiction over the main appeal from the directly appealable order, and thus the cross-appeal must derive its life from the main appeal.

*Serco Co. v. Choice Bumper*, 199 Ga. App. 846 (406 SE2d 276) (1991) (citations and punctuation omitted).

Since Defendants filed no application under OCGA § 5-6-34 (a) for interlocutory review of the denial of their summary judgment motion, and the main appeal has been withdrawn, this Court has no jurisdiction over the cross-appeal. See id. Thus, the cross-appeal in A17A0417 is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/16/2017

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*